IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CIVIL DIVISION

TRADITIONS SENIOR MANAGEMENT, INC.,
    A Nevada Corporation,
                      Plaintiff              CASE NO.:

v.

UNITED HEALTH ADMINISTRATORS, INC.,
UNITED HEALTH PLUS,
GARDEN STATE HEALTHCARE ADMINISTRATORS, INC.,
JOSEPH SCHWARTZ,
OXFORD COVERAGE, INC.; and
DAVID RUBINSTEIN
                      Defendants

**COMPLAINT FOR DAMAGES AND FOR ACCOUNTING**

Plaintiff, TRADITIONS SENIOR MANAGEMENT, INC., sues Defendants, UNITED HEALTH ADMINISTATORS, INC., UNITED HEALTH PLUS, GARDEN STATE HEALTHCARE ADMINISTRATORS, INC., JOSEPH SCHWARTZ, OXFORD COVERAGE, INC., and DAVID RUBINSTEIN, and alleges:

**COMMON ALLEGATIONS**

1). This is an action for damages which exceed $15,000.00, exclusive of costs, interest and attorneys fees.

2). Venue properly lies in Pinellas County, Florida since during all times material

herein, Plaintiff transacted business with Defendants in Pinellas County, Florida.

3). Plaintiff TRADITIONS SENIOR MANAGEMENT, INC. ("TSM") is a Nevada corporation that manages health care facilities.

4). Defendants UNITED HEALTH ADMINISTRATORS, INC., UNITED HEALTH PLUS ("UHP"), GARDEN STATE HEALTH CARE ADMINISTRATORS, INC., and OXFORD COVERAGE, INC. are companies based out of Brooklyn, New York, NY, which operate as third party insurance administrators. At all times material hereto, UHP was associated with the other three (3) aforesaid corporate third party insurance administrators in this transaction, and acted in concert with the three aforesaid corporations during the relevant contractual time period of 9/1/09 through 8/31/11, and continues to act in concert with the three (3) corporate Defendants regarding the agreement described below.

5). In 2009, Plaintiff and Defendants entered into an agreement for Defendant UHP to serve as the third party administrator of the health benefit plan of TSM and its affiliates and to act as trustee for premium payments to be used to pay claims. In addition, it was agreed that Defendants JOSEPH SCHWARTZ and OXFORD COVERAGE, INC. would be responsible for payment of all claims beyond Plaintiff's monthly premium and could keep all premiums that exceed the plans' costs.

6). UHP served as the third party administrator for TSM and its affiliates for the period 9/1/09 through 8/31/10 and again for the period 9/1/10 through 8/31/11, binding itself responsible to process and where necessary disburse payment for all health claims that were incurred during this contractually relevant period of time.

7). During all relevant periods, TSM forwarded monthly premium payments to UHP. Under the parties' agreement, UHP agreed to be solely responsible to process and to pay ALL approved health claims of the employees of TSM and its affiliates .and, if necessary, obtain additional funds from Defendants JOSEPH SCHWARTZ and OXFORD COVERAGE, INC.

8) During all relevant periods, Defendant DAVID RUBINSTEIN ran the day to day operations of UHP, had deep personal knowledge of the terms of the agreement between TSM and UHP, negotiated said agreement, and had personal knowledge of how UHP's claims were processed, how payments were disbursed, and whether or not claims were properly being processed and paid by UHP.

9). After the parties commenced their contract, TSM provided UHP numerous health claims made by employees of TSM and its affiliates. TSM also provided the agreed upon monthly premium amounts to fund UHP for payment of these claims.

10). It became apparent after a period of time following the commencement of this agreement that UHP ignored a large portion of these claims, and failed to either process or pay the claims.

11). TSM compiled an Aggregate Claims Report for all claims paid through 6/30/11, a copy of which is attached hereto as Plaintiff's Exhibit "A". The Aggregate Claims Report indicates that Plaintiff TSM forwarded to Defendant UHP an Attachment premium surplus of $1,492,598.77 in funds available for payment of claims by UHP as of 6/30/11.

12). TSM completed all conditions precedent to the enforcement of its agreement with UHP, including the payment to UHP of all monthly premium attachments to cover the health claims made by its employees and its affiliates' employees.

13). Notwithstanding the foregoing, UHP has failed and/or refused to process and pay several outstanding claims incurred during the parties' contractual periods as stated above, and continues to refuse to process and to pay these claims, despite repeated demands by Plaintiff to do so.

14). Additionally UHP has slandered TSM by telling providers that TSM did not pay their premiums.

15). Attached as Plaintiff's Exhibit "B" to this Complaint is a comprehensive list of the claims unpaid by UHP as of the date of this Complaint, which total 592 by count.

16). Through written and oral communication between the parties, Defendants DAVID RUBINSTEIN and JOSEPH SCHWARTZ were specifically made aware by TSM of the large number of claims that were delinquent in processing and payment. Each and both of these individual Defendants made material representations that the aforesaid delinquent claims would be processed and paid by UHP.

17). The amount of unprocessed and unpaid claims from TSM became so large that at one point, TSM asked for the return of many of these unpaid claims so that TSM, at its own additional cost, could address them on behalf of the employees who were suffering due to the non-payment of their claims.

18). Defendants DAVID RUBINSTEIN and JOSEPH SCHWARTZ represented to TSM that the paperwork on these claims would be forthcoming; however, even the return of these unpaid claims to TSM was delinquent. As a result, TSM was forced to expedite and pay over $700,000.00 in claims in swift order from its own funds.

19). Even though TSM paid many of the unpaid claims that UHP was contractually obligated to process and pay, there remains approximately 592 unpaid claims that pre-date August 31, 2011 and that are still in possession and control of all of these Defendants, who remain contractually obligated to process and pay these claims.

20). In addition, all Defendants either possess or have within their control approximately $1,492,598.77 of TSM's paid premiums.

21). Defendants refuse to return any of the premium funds they have improperly appropriated to their control and use, and refuse to process any of the outstanding health claims they have been given and that remain in their possession and control.

## COUNT I – BREACH OF CONTRACT

22). Plaintiff realleges, reaffirms and incorporates by reference each of its allegations contained in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23). Defendants breached their agreement with Plaintiff by failing and/or refusing

to process and pay the furnished claims, thereby damaging Plaintiff.

24). As a direct result of Defendants' failure and refusal to pay Plaintiff's outstanding claims, Plaintiff was forced to self-pay a large number of these unpaid claims with Plaintiff's own funds, after Plaintiff specifically paid UHP monthly premiums to cover the payment of these claims. Plaintiff has to date paid over $700,000.00 of Plaintiff's funds to cover payment of unpaid employee health claims, despite providing Defendants approximately $1,492,598.77 in premium surpluses to specifically cover these payments.

25). In addition, as a direct result of Defendants' breach of its agreement with Plaintiff, there remains unprocessed and unpaid approximately 592 employee health claims that UHP refuses to process and pay, despite its contractual obligation to do so, and despite holding approximately $1,492,598.77 of Plaintiff's funds

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants UNITED HEALTH ADMINISTRATORS, INC., UHP, GARDEN STATE HEALTHCARE ADMINISTRATORS, INC., JOSEPH SCHWARTZ, OXFORD COVERAGE, INC. and DAVID RUBINSTEIN for breach of contract, including damages of $700,000.00 in losses directly resulting from the breach, the return of Plaintiff's premiums totaling approximately $1,492,598.77, costs of suit, attorneys fees and interest.

## COUNT II- CONVERSION

26). Plaintiff realleges, reaffirms and incorporates by reference each of its allegations contained in paragraphs 1 through 25 of this Complaint as though fully set forth therein.

27). Defendants have has converted Plaintiff's previously paid premiums to the approximate amount of $1,492,598.77, and Defendants have refused to return said funds to Plaintiff despite Plaintiff's request for its return

28). Defendants' actions in receiving said funds from Plaintiff without fulfilling the contractual obligation to process and pay the aforesaid health claims, together with Defendants' refusal to return the aforesaid funds to Plaintiff despite Plaintiff's requests for its return, constitute the intentional tort of conversion, for which Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants UNITED HEALTH ADMINISTRATORS, INC., UHP, GARDEN STATEHEALTHCARE ADMINISTRATORS, INC., JOSEPH SCHWARTZ, OXFORD COVERAGE, INC., and DAVID RUBINSTEIN for Conversion, and hereby demands damages in the form of the return of $1,492,598.77 in converted funds, treble damages, punitive damages, interest, costs of suit and attorney fees.

## COUNT III- FRAUD

29). Plaintiff realleges, reaffirms and incorporates by reference each of its allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30). Defendants appropriated Plaintiff's premium attachments of approximately $1,492,598.77 through Defendants' multiple misrepresentations to Plaintiff that Defendant UHP would process and would pay the health claims of the employees of Plaintiff and its affiliates, while all Defendants in fact did not intend to pay a substantial number of these aforesaid claims.

31). Instead, each and every Defendant, acting in concert, intended to appropriate most of Plaintiff's premiums to the Defendants' own use, in breach of the parties' agreement.

32). Defendants, in concert, fraudulently induced Plaintiff to deliver large sums of money to Defendant UHP under the guise that Defendant UHP would fulfill its contractual obligations, when in fact Defendants in concert converted $1,492,598.77 of these funds to their own use, to which none of the Defendants was entitled.

33). Plaintiff relied upon Defendants' aforesaid misrepresentations, to Plaintiff's detriment.

34). As a direct result of Defendants' aforesaid misrepresentations, Plaintiff has

been damaged in that Plaintiff has been forced to pay its own employee claims and those of its affiliates, and has been denied the use and the return of Plaintiff's paid premiums that Defendants converted to their misuse.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants UNITED HEALTH ADMINISTRATION, INC., UHP, GARDEN STATE HEALTHCARE ADMINISTRATION, INC., JOSEPH SCHWARTZ, OXFORD COVERAGE, INC., and DAVID RUBINSTEIN for Fraud, and demands damages in the approximate amount of $700,000.00 in Plaintiff's paid claims resulting from the aforesaid fraud, plus $1,492,598.77 in funds converted by Defendants, plus treble damages, punitive damages, interest, costs of suit and attorneys fees.

## COUNT IV- ACCOUNTING DEMANDED

35). Plaintiff realleges, reaffirms and incorporates by reference each of its allegations contained in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36). This is an action for an accounting and damages greater than $15,000.00.

37). Plaintiff has a common law right to an accounting because of the fiduciary relationship between the parties. Defendants were entrusted with not only Plaintiff's funds, but with access to the medical records of the employees of Plaintiff and its affiliates. This fiduciary relationship raised Defendants' expected conduct to

a high level of honesty and fair dealing. All contracts have an imputed covenant of good faith, especially in an agreement requiring Defendants to be fiduciaries of Plaintiff's money and employee health records, where the utmost good faith is required of the Defendants.

38). Defendants breached their fiduciary relationship with Plaintiff by their actions as described in this Complaint, thereby damaging Plaintiff.

**WHEREFORE**, Plaintiff demands accounting against Defendants UNITED HEALTH ADMINISTRATORS, INC., UHP, GARDEN STATE HEALTHCARE ADMINISTRATORS, INC., JOSEPH SCHWARTZ, OXFORD COVERAGE, INC., and DAVID RUBINSTEIN, plus damages, pre-judgment interest, costs of suit, and attorneys fees.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: AUGUST 20, 2012

TRADITIONS SENIOR MANAGEMENT, INC.

BY: _____
Benjamin A. Atkins, President

BEFORE ME, personally appeared BENJAMIN A. ATKINS, President of TRADITIONS

SENIOR MANAGEMENT, INC.,, who produced FL Drivers License as identification and who, being duly sworn, avers that the facts contained in this Complaint are true and correct to the best of his knowledge or belief.

NOTARY PUBLIC: _____C. Hines_____

MY COMMISSION EXPIRES: 04-08-2012   # DD879017

Chrystal Hines
Notary Public
State of Florida
Commission #DD879017
Expires: April 08, 2013
BONDED THRU ATLANTIC BONDING CO., INC

_____William M. Ignatuck_____
WILLIAM M. IGNATUCK
24641 US Hwy 19 North
Clearwater, Florida 33763
(727) 723-3000
Fla. Bar No: 0307807
Attorney for Plaintiff