**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TRADITIONS SENIOR
MANAGEMENT, INC.,

     Plaintiff,

vs.                  Case No. 8:12-cv-02321-JSM-MAP

UNITED HEALTH ADMINISTRATORS,
INC., d/b/a UNITED HEALTH PLUS,
GARDEN STATE HEALTHCARE
ADMINISTRATORS, INC., JOSEPH
SCHWARTZ, an individual, and
OXFORD COVERAGE, INC.,
_____/

**AFFIDAVIT OF JOSEPH SCHWARTZ, GARDEN STATE HEALTHCARE
ADMINISTRATORS, INC. AND OXFORD COVERAGE, INC. IN SUPPORT
OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

STATE OF NEW YORK    )

COUNTY OF KINGS      )

    BEFORE ME, the undersigned authority, personally appeared, JOSEPH SCHWARTZ, who, being first duly sworn, deposes and says:

    1.   I am the president of the defendant, Oxford Coverage, Inc. (Oxford). I am also the president of the defendant, Garden State Healthcare Administrators, Inc. and an individual defendant herein.

1

2.   I have personal knowledge of the facts set forth is this affidavit.

3.   I have reviewed the allegations set forth in the amended complaint filed by Traditions Senior Management, Inc. ("Traditions), and I have reviewed the requests for admissions propounded by Traditions.

4.   Oxford never entered into any contract with Traditions.

5.   Oxford was not a third party insurance administrator or claims administrator for Traditions' health insurance claims.

6.   Oxford's employees did not process any claims that were submitted by Traditions and/or its employees.

7.   Since Oxford did not process any of Traditions' health insurance claims, it cannot authenticate any document that is referred to in Traditions' requests for admissions.  It also has no knowledge of whether any of the documents were ever submitted to United Health Plus ("UHP"), whether UHP had any obligation to pay the claims or whether Traditions or any other entity paid any such claims.

8.   Traditions and entities related to Ben Atkins retained Garden State as a claims administrator for certain

2

healthcare claims by their employees. Garden State retained UHP to administer those claims. Garden State itself was not involved in the day to day administration of the claims at issue.

9. Garden State cannot authenticate any document that is referred to in Traditions' requests for admissions. It also cannot determine whether such documents were submitted to UHP, whether UHP had an obligation to pay such claims or whether Traditions paid the claims. To the extent documents could be authenticated, the same could only be done by UHP.

10. I personally never entered into any contract with Traditions and I never agreed to be personally liable for any health insurance claims submitted by Traditions or any of its employees.

11. I have not processed any claims that have been submitted by Traditions, nor is it within my responsibilities to process health insurance claims.

12. I have no knowledge relating to any payment made by the plaintiff for any healthcare claim. I cannot authenticate any document that is referred to in Traditions' requests for admissions. I cannot determine whether any of the claims were submitted to UHP for payment

3

or  whether  Traditions  paid  any  claims.    I  thus  cannot
respond  to  the  requests  for  admission.

FURTHER AFFIANT SAYETH NOT

_____
JOSEPH SCHWARTZ

AFFIRMED  TO  AND  SUBSCRIBED  before  me  by  JOSEPH
SCHWARTZ,  who  is  personally  known  to  me,  or  who  produced
_passport_____
as  identification,  this  _10th_  day  of  September,  2013.

_____
Notary  Public
Print  name:  _Yehudis Levitz_
My  Commission  Expires

1551759

Yehudis Levits
Notary Public, State of New York
No. 01LE6194098
Qualified in Kings County
Commission Expires Sept. 29, 2016

4